a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

NATALIA ZARATE-LOPEZ,                    CIVIL DOCKET NO. 6:26-CV-00056; SEC.
Petitioner                                                                          P

VERSUS                                                        JUDGE TERRY A. DOUGHTY

GEORGE BUTCH HEAD ET AL,           MAGISTRATE JUDGE PEREZ-MONTES
Respondents

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Natalia Zarate-Lopez ("Zarate-Lopez"), an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana. Zarate-Lopez seeks release from detention.

Because Zarate-Lopez is no longer detained, the Petition should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I.      Background

Zarate-Lopez is a citizen of Colombia who entered the United States on March 16, 2022. She was detained on January 2, 2025. ECF No. 1 at 5. Zarate-Lopez was ordered removed on March 25, 2026, and she did not appeal.[1] According to the online detainee locator service, Zarate-Lopez is no longer detained.[2] Court staff verified the online information with the Government.

---

[1] https://acis.eoir.justice.gov/en/caseInformation
[2] https://locator.ice.gov/odls/#/results

1

## II.    Law and Analysis

Zarate-Lopez challenges her detention during immigration proceedings.  ECF No. 1.  However, after the Petition was filed, she received a final order of removal and was detained under 8 U.S.C. § 1231(a)(1)(A)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").  And Zarate-Lopez has since been deported.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  If a controversy becomes moot, the case must be dismissed for lack of jurisdiction.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id.*  Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Additionally, an alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v.*

*Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

### III.    Conclusion

Because Zarate-Lopez is not detained, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, May 21, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3